UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL FOOTBALL LEAGUE'S
"SUNDAY TICKET" ANTITRUST LITIGATION    MDL No. 2668


TRANSFER ORDER


**Before the Panel**:[*] Plaintiff in one action in the Central District of California moves under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of six actions pending in two districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of fifteen related actions.[2] This litigation concerns allegedly anticompetitive agreements between the NFL and DIRECTV providing for DIRECTV's exclusive live broadcast of certain NFL Sunday afternoon football games through a subscription sports package known as the "NFL Sunday Ticket," and the alleged impacts on residential and commercial subscribers.

All responding plaintiffs and defendants[3] support or do not oppose centralization, but they disagree on the transferee district. Plaintiffs in four actions on the motion and one potential tag-along support centralization in the Central District of California. This district also has the support of all defendants. Plaintiffs in the Southern District of New York action on the motion and one potential tag-along support centralization in that district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share complex factual questions arising out of allegations that the NFL and DIRECTV have entered into anticompetitive agreements granting DIRECTV the exclusive right to broadcast certain NFL Sunday

---

[*] Judge Marjorie O. Rendell, Judge Lewis A. Kaplan, and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] There were eight actions listed on plaintiff's motion for centralization, but two actions were voluntarily dismissed during the pendency of the motion.

[2] The related actions are pending in the Central District of California, the Northern District of California, and the Southern District of New York. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] National Football League, Inc., and NFL Enterprises LLC (together, NFL); DIRECTV, LLC; DIRECTV Holdings LLC; and DIRECTV Sports Networks LLC (together, DIRECTV); CBS Corporation; Fox Broadcasting Company; NBC Universal Media, LLC; and ESPN, Inc.

-2-

afternoon football games outside of a viewer's local television market, in violation of federal and state antitrust law.[4]  Common questions of fact will include whether defendants entered into the alleged agreements and the terms thereof; the effect of the alleged agreements on the relevant market; whether defendants have pro-competitive justifications for the alleged conduct; and the scope of relief.  Additionally, all actions are on behalf of overlapping putative nationwide classes of subscribers to DIRECTV's NFL Sunday Ticket service.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Central District of California is an appropriate transferee district for this litigation.  Fifteen actions, including potential tag-along actions, are pending in this district before Judge Beverly Reid O'Connell.  DIRECTV has its headquarters in this district, and thus common evidence likely will be located there.  This district also has the support of all defendants and the majority of the responding plaintiffs.  Judge O'Connell is an experienced jurist, and we are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Central District of California is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Beverly Reid O'Connell for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer          R. David Proctor
Catherine D. Perry

---

[4]  The actions allege that the exclusive arrangement began in 1994, and was renewed in October 2014 for an additional eight-year period.

IN RE: NATIONAL FOOTBALL LEAGUE'S
"SUNDAY TICKET" ANTITRUST LITIGATION          MDL No. 2668

## SCHEDULE A

<u>Central District of California</u>

ABRAHAMIAN v. NATIONAL FOOTBALL LEAGUE, INC., ET AL.,
    C.A. No. 2:15-04606
NINTH INNING, INC. v. NATIONAL FOOTBALL LEAGUE, INC., ET AL.,
    C.A. No. 2:15-05261
ROOKIES SPORTS CAFE, L.L.C., ET AL. v. NATIONAL FOOTBALL LEAGUE,
    INC., ET AL., C.A. No. 2:15-05813
1465 3RD AVE. REST. CORP. v. NATIONAL FOOTBALL LEAGUE, INC.,
    ET AL., C.A. No. 2:15-06145
MAIN STREET AMERICA LTD. v. NATIONAL FOOTBALL LEAGUE, INC.,
    ET AL., C.A. No. 2:15-06402

<u>Southern District of New York</u>

8812 TAVERN CORP. D/B/A BENCH SPORTS BAR, ET AL. v. NATIONAL
    FOOTBALL LEAGUE, INC., ET AL., C.A. No. 1:15-06771